UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD, | CASE NO. 3:24-cv-05802-LK |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| ALL CITY BAIL BONDS et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. On October 28, 2024, United States Magistrate Judge Theresa L. Fricke granted pro se Plaintiff Tony Card's application to proceed *in forma pauperis* ("IFP") and his complaint was posted on the docket. Dkt. Nos. 7–8. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Mr. Card's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

Mr. Card filed this action on September 24, 2024. Dkt. No. 1. He named as Defendants All City Bail Bonds, bail bond agents Courtney Wimer and Mike Rocha, owner Troy Hansen, and

ORDER DISMISSING COMPLAINT - 1

1   Marcus Glasper, the Director of the Washington State Department of Licensing. Dkt. No. 8 at 2–

2   3.

3          Mr. Card states that he is seeking a "writ of review for civil violations." *Id.* at 3. He alleges

4   that Wimer, Rocha, and "several others" "criminally trespassed" upon his and his neighbors'

5   property, apparently in connection with a "family court" matter. *Id.* at 3, 5. In the process, they

6   damaged his and his mother's property. *Id.* at 5. He filed a complaint with the Department of

7   Licensing but "they failed to respond or investigate." *Id.*[1] He seeks restitution. Dkt. No. 8 at 5.

8   Judge Fricke granted Mr. Card's motion to proceed IFP but noted that the proposed complaint did

9   not appear to state a claim. Dkt. No. 7 at 1.

10                          **II.   DISCUSSION**

11  **A.     Legal Standard**

12         The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it

13  determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or

14  seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

15  § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim

16  under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure

17  12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule

18  12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient

19  facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622

20  F.3d 1035, 1041 (9th Cir. 2010).

21

22

23  _____

    [1] The Washington State Department of Licensing administers the Washington bail bond license law in chapter 18.185
    of the Revised Code of Washington. Wash. Admin. Code § 308.19.020. The agency has the authority to receive and
24  investigate consumer complaints. Wash. Rev. Code § 18.185.130.

ORDER DISMISSING COMPLAINT - 2

1    Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles*

2    *Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain

3    statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

4    showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ.

5    P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See*

6    *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000)

7    (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic

8    pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court

9    has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of

10   the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673

11   F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual

12   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

13   accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

14   U.S. 544, 555 (2007)).

15   In addition, federal courts are courts of limited jurisdiction, and they "possess only that

16   power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

17   U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot*

18   *U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are

19   established where (1) the complaint presents a federal question "arising under the Constitution,

20   laws, or treaties of the United States" or (2) where the parties are diverse (e.g., residents of different

21   states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court must

22   dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case.

23   Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it. *See*

24   *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

ORDER DISMISSING COMPLAINT - 3

1   **B.      Mr. Card Has Not Stated a Basis for Subject Matter Jurisdiction**

2          Mr. Card asserts federal question jurisdiction, Dkt. No. 8 at 3, but his complaint does not

3   allege any claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C.

4   § 1331. His vague reference to "civil violations" and a statement that the "constitution[] must be

5   followed" are insufficient. Dkt. No. 8 at 3. His subsequently filed document does not amend his

6   complaint or clarify his allegations. *See generally* Dkt. No. 9.

7          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

8   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

9   the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

10  487 U.S. 42, 48 (1988). Mr. Card does not allege that any of the bail bonds Defendants were acting

11  under color of state law. Nor does he allege that state employee Glasper personally participated in

12  any alleged deprivation of his constitutional rights. *See, e.g.*, *Jones v. Williams*, 297 F.3d 930, 934

13  (9th Cir. 2002) (explaining that a plaintiff must allege that each defendant personally participated

14  in the conduct alleged to have violated his constitutional rights). Supervisors are not typically liable

15  for the actions of subordinates absent factors Mr. Card has not alleged. *See, e.g.*, *Rodriguez v. Cnty.*

16  *of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). Even if Mr. Card had alleged personal

17  participation, he has not shown that the state has waived its sovereign immunity for his claims. *See*

18  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (a state agency is not a "person"

19  under Section 1983 and neither are their employees acting in their official capacities); *see also Yoo*

20  *Kim v. Wash. State Dep't of Licensing*, 168 F. App'x 774 (9th Cir. 2006) (affirming dismissal of

21  Section 1983 claim against the Washington State Department of Licensing). Mr. Card's request

22  for a "writ for review of civil violations" does not defeat sovereign immunity because he demands

23  restitution rather than forward looking injunctive relief. Dkt. No. 8 at 3, 5; *see, e.g.*, *Green v.*

24

ORDER DISMISSING COMPLAINT - 4

1    *Mansour*, 474 U.S. 64, 73 (1985) (noting that an award of restitution is prohibited by the Eleventh

2    Amendment).

3         Mr. Card's complaint therefore fails to state a Section 1983 claim. And because he has

4    failed to "properly invoke[] § 1331 jurisdiction" by pleading "a colorable claim 'arising under' the

5    Constitution or laws of the United States," the Court does not have federal question jurisdiction

6    over this case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).[2]

7         In addition, Mr. Card does not have standing to bring a claim on behalf of his mother or

8    neighbors for any damages they may have sustained. *See TransUnion LLC v. Ramirez*, 594 U.S.

9    413, 423 (2021) ("For there to be a case or controversy under Article III, the plaintiff must have a

10   personal stake in the case—in other words, standing." (cleaned up)). Although a non-attorney may

11   appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E.*

12   *Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. Cnty. of San Diego*,

13   114 F.3d 874, 876 (9th Cir. 1997). Mr. Card therefore cannot represent his neighbors, his mother,

14   or anyone else. And while he alleges that Defendants engaged in criminal conduct, Dkt. No. 8 at

15   5, he lacks standing to bring civil claims based on criminal statutes. *Linda R.S. v. Linda D.*, 410

16   U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially

17   cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d

18   1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability).

19        "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is

20   entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of

21   the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, it is not "absolutely

22

23   _____

24   [2] Mr. Card does not allege diversity jurisdiction, and it does not appear to exist here. Dkt. No. 8 at 1–3 (stating that he and all Defendants are Washington residents).

clear" that Mr. Card cannot amend his complaint to state a claim or a basis for the Court's subject

matter jurisdiction, so the Court grants him leave to amend.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Card's complaint with leave to

amend. Dkt. No. 8. If Mr. Card chooses to amend his complaint, he must file it with the Court by

December 13, 2024. His amended complaint must provide a basis for the Court's subject matter

jurisdiction and a short and plain statement of the factual basis of each of his claims as required by

Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete

substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

For that reason, any amended complaint must clearly identify the defendant(s), the claim(s)

asserted, the specific facts that Mr. Card believes support each claim, and the specific relief

requested.[3] If Mr. Card does not file an amended complaint by the deadline, the Court will close

this case.

Dated this 13th day of November, 2024.

Lauren King
United States District Judge

---

[3] Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se). Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

ORDER DISMISSING COMPLAINT - 6